IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs – January 6, 2004

## LARRY E. PARRISH, ET AL. v. ROBERT S. MARQUIS, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Knox County**
**No. 1-701-01    Dale C. Workman, Judge**

―――――――――

**No. E2002-01131-SC-R11-CV - Filed March 19, 2004**

―――――――――

We granted this appeal to determine whether the one-year statute of limitations for filing a new action under Tennessee Code Annotated section 28-1-105(a) commenced on the date of the appellate court's judgment remanding the cause to the trial court for further proceedings or on the date of the trial court's order of dismissal following the remand. We hold that the statute of limitations commenced on the date of the trial court's order of dismissal and that the plaintiffs' re-filing of their action was therefore timely under the savings statute. Accordingly, we reverse the Court of Appeals' judgment and remand this case to the Court of Appeals for consideration of issues pretermitted by its ruling.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Case Remanded to the Court of Appeals**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined.

John J. Mulrooney, Memphis, Tennessee, for the appellants, Larry E. Parrish and Larry E. Parrish, P.C.

Frank Q. Vettori, Knoxville, Tennessee, for the appellee, Robert S. Marquis.

Deborah C. Stevens and Summer H. Stevens, Knoxville, Tennessee, for the appellee, Ronald C. Koksal.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

In July 1997, Larry E. Parrish and Larry E. Parrish, P.C. ("Plaintiffs") filed a malicious prosecution action against Robert S. Marquis and Ronald C. Koksal ("Defendants") in the Circuit

Court for Shelby County, Tennessee. On May 14, 1999, the trial court granted Defendants' motions for summary judgment and dismissed the case on its merits. On appeal, the Court of Appeals affirmed the trial court's dismissal on the alternative ground of improper venue. The judgment of the Court of Appeals, filed on July 31, 2000, provided in pertinent part: "The judgment of the trial court is affirmed as modified and this cause remanded for further proceedings consistent with this opinion." On remand, the trial court dismissed the case without prejudice for improper venue pursuant to Rule 12.02(3) of the Tennessee Rules of Civil Procedure. The trial court's order of dismissal was entered on November 27, 2000.

On November 8, 2001, Plaintiffs re-filed the malicious prosecution action in the Circuit Court for Knox County, Tennessee. Defendants filed motions for summary judgment asserting, among other things, that this new action was untimely under the savings statute, Tennessee Code Annotated section 28-1-105(a). The trial court granted Defendants' motions for summary judgment and dismissed the complaint, holding that the action was untimely because it was filed more than one year after the Court of Appeals entered its judgment. The trial court also ruled upon additional grounds for summary judgment raised by Defendants. Plaintiffs appealed.

The Court of Appeals agreed that the new action was not timely filed under the savings statute, and it affirmed the trial court's dismissal on this ground. Other issues raised on appeal were pretermitted by the Court of Appeals' decision. We granted permission to appeal to determine whether the one-year statute of limitations for filing a new action under Tennessee Code Annotated section 28-1-105(a) commenced on the date of the appellate court's judgment remanding the cause to the trial court for further proceedings or on the date of the trial court's order of dismissal on remand.

ANALYSIS

Tennessee Code Annotated section 28-1-105(a) provides, in pertinent part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The complaint filed by Plaintiffs in the Shelby County Circuit Court was ultimately dismissed for lack of venue. Dismissal for lack of venue is not a dismissal on the merits. See Burton v. Borden Foods Co., 494 S.W.2d 775, 777 (Tenn. 1972). Because a dismissal based upon improper venue is not a judgment on the merits, it does not "conclud[e] the plaintiff's right of action." Tenn. Code Ann. § 28-1-105(a) (2000). Accordingly, Tennessee Code Annotated section 28-1-105(a) permits

Plaintiffs to re-file their action in the proper county before the statute of limitations period has expired.

The parties dispute when the one-year statute of limitations in this case commenced. Plaintiffs assert that the statute of limitations commenced on the date the trial court entered its order of dismissal, not on the date of the appellate court judgment that remanded the action to the trial court. We agree.

If the Court of Appeals intended its judgment to be the final adjudication that triggered the commencement of the statute of limitations, it could have entered a judgment dismissing the case outright rather than remanding the case to the trial court for this purpose. According to Rule 36(a) of the Tennessee Rules of Appellate Procedure, an appellate court may "grant any relief, including the giving of any judgment and making of any order."[1] If the Court of Appeals had dismissed the action, the statute of limitations would have commenced on the date of the appellate court's dismissal.

Rather than dismissing the case, the Court of Appeals remanded the case to the trial court with instructions to dismiss the case for improper venue. When an appellate court remands an action to a trial court, the trial court regains jurisdiction over the matter. See Tenn. Code Ann. § 21-1-810 (1994). Because of the remand, the July 31, 2000 judgment of the Court of Appeals restored jurisdiction of the action to the Shelby County Circuit Court. Thus, the action remained pending until the trial court entered its order of dismissal on November 27, 2000. Although no prior opinions of this Court are directly on point, our conclusion that the statute of limitations commenced on the date of the trial court's order of dismissal is consistent with previous decisions. See Green v. Moore, 101 S.W.3d 415, 420 (Tenn. 2003) (holding that the time for filing a notice of appeal did not commence upon the date of the plaintiff's notice of voluntary dismissal but upon the entry of the trial court's order confirming that all claims between the parties had been adjudicated); Nashville, C. & St. L. Ry. v. Bolton, 184 S.W. 9, 11 (Tenn. 1915) (holding that the statute of limitations for commencing a new action under the savings statute should not be computed from the date of reversal and remand to the trial court but from the date of the plaintiff's nonsuit of the action following remand).

Defendants argue that the trial court's judgment was an obligatory ministerial act, and therefore, the statute of limitations commenced on the date of the Court of Appeals' judgment. We agree that the trial court's November 27, 2000 order of dismissal was an obligatory ministerial act. See Moore v. Chattanooga Elec. Ry. Co., 109 S.W. 497, 501 (Tenn. 1907) (stating that a lower court's faithful execution of an appellate court's judgment is "merely a ministerial act"). However, that the trial court's act was purely ministerial is not relevant for the purpose of computing the statute of limitations in this case. The trial court retained jurisdiction of the case until the dismissal was

---

[1] Rule 36(a) of the Tennessee Rules of Appellate Procedure may also provide an appellate court with authority to transfer an action to the proper venue. Cf. Norton v. Everhart, 895 S.W.2d 317, 322 (Tenn. 1995) (using Rule 36(a) to allow the plaintiff to file a writ of certiorari in the proper county).

accomplished. The Court of Appeals' decision to remand for dismissal should not operate as a trap for litigants, especially since it is well-settled that Tennessee's savings statute is remedial and must be liberally construed. See Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995).

CONCLUSION

In conclusion, we hold that the one-year statute of limitations for filing a new action under Tennessee Code Annotated section 28-1-105(a) did not commence on the date of the appellate court's judgment remanding the cause to the trial court for further proceedings but commenced on the date of the trial court's order of dismissal on remand. Therefore, Plaintiffs' November 8, 2001 action was timely under Tennessee Code Annotated section 28-1-105(a). Accordingly, we reverse the Court of Appeals' judgment and remand this case to the Court of Appeals for consideration of issues pretermitted by its ruling. Costs of this appeal are taxed against the appellees, Robert S. Marquis and Ronald C. Koksal, and their surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE