IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 18, 2013

## ALLISON JACOB v. ALEXIS PARTEE, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004519-10      Robert L. Childers, Judge**

---

**No. W2013-01078-COA-R3-CV - Filed October 30, 2013**

---

The circuit court denied Appellants' Rule 60.02 motion on the ground that it lacked subject matter jurisdiction to adjudicate the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., joined. ALAN E. HIGHERS, P.J., W.S., filed a separate concurring opinion.

James B. McClain,III, Memphis, Tennessee, for the appellants, Alexis Partee and Tom Bedell, Jr.

Randall Jay Fishman and Richard S. Townley, Memphis, Tennessee, for the appellee, Allison Jacob.

**OPINION**

This is the second appearance of this matter in this Court and the facts relevant to our disposition of the current appeal are not disputed. This lawsuit originally was filed by Allison Jacob (Ms. Jacob) against Alexis Partee (Ms. Partee) and Tom Bedell, Jr. (Mr. Bedell) in the Shelby County General Sessions Court in November 2009. Ms. Partee and Mr. Bedell then filed a civil warrant against Third-Party Defendant Top Gun Body Shop ("Top Gun"). Following entry of a judgment by the general sessions court in August 2009, Ms. Partee, Mr. Bedell and Top Gun (collectively, "Defendants") filed notices of appeal to the Circuit Court for Shelby County and paid the standard filing fee. Ms. Jacob filed a motion to dismiss, asserting that the circuit court lacked subject matter jurisdiction because Defendants had failed to file timely appeal bonds. The circuit court granted her motion in March 2012. Upon appeal, this Court affirmed, holding that the payment of the appeal filing

fee did not satisfy the requirements of Tennessee Code Annotated § 27-5-103. *Jacob v. Partee*, No. W2012-00205-COA-R3-CV (Tenn. Ct. App. Aug. 10, 2012)(*Jacob I*). On December 12, 2012, the Tennessee Supreme Court denied permission to appeal, and the mandate on this Court's judgment remanding the matter to the circuit court was issued on December 18, 2012. On February 4, 2013, the circuit court, in turn, remanded the matter to the general sessions court for execution on the judgment.

Shortly thereafter, a different panel of this Court held that, notwithstanding the result in *Jacob I*, section 27-5-103 does not require an appellant to file an appeal bond with no monetary limit. *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at *19 (Tenn. Ct. App. Feb. 15, 2013). In *Bernatsky*, we held that section 27-5-103 allows an appellant to file an appeal bond in the form of a surety bond or a cash bond upon appeal from general sessions court to the circuit court, and that the amount of the bond may be in a certain amount as established by the legislature or its designee. *Id*.

On February 21, 2013, Ms. Partee and Mr. Bedell (hereinafter, collectively, "Appellants") filed a Tennessee Rules of Civil Procedure Rule 60.02 motion in the circuit court, praying the circuit court to set aside its dismissal of the matter in light of our holding in *Bernatsky*. Ms. Jacob moved to dismiss Appellants' motion for lack of subject matter jurisdiction, asserting that jurisdiction was with the general sessions court. Ms. Jacob additionally asserted that *Bertnasky* was not controlling authority where it was an unpublished case and that, assuming it was controlling authority, it would not entitle Appellants to relief from judgment under Rule 60. She also submitted that our holding in *Jacob I* established the law of the case. Following a hearing in March 2013, the circuit court denied Appellants' motion upon determining that it did not have subject matter jurisdiction and, alternatively, that *Jacob I* constituted the law of the case. The circuit court entered final judgment on May 1, 2013, and Appellants filed a timely notice of appeal to this Court.

### *Issue Presented*

Appellants present the following issue for our review, as worded by them:

Whether the circuit court erred in denying relief to Appellants, pursuant to Tennessee Rules of Civil Procedure 60.02, after this Court overruled its prior decision finding no subject matter jurisdiction.

### *Standard of Review*

A trial court's disposition of a Rule 60.02 for relief is reviewed for an abuse of discretion. *E.g, Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). An abuse of

discretion occurs "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Id*. (quoting *State v. Jordan,* 325 S.W.3d 1, 39 (Tenn. 2010) (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008))). This standard does not allow an appellate court to substitute its judgment for that of the trial court. *Id*. (citing *see Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003)). Rather, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Id*. (quoting *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000))).

### *Discussion*

As noted above, the trial court denied Appellants' Rule 60.02 motion upon determining that it did not have subject matter where the matter had been remanded to the general sessions court. The determination of whether a court has subject matter jurisdiction is a question of law. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Our review of the trial court's determination on that issue accordingly is *de novo*, with no presumption of correctness. *Id*.

Subject matter jurisdiction concerns the court's authority to adjudicate a matter. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). It is conferred by statute and by the constitution, and cannot be waived or conferred by the parties by silence, consent, or plea. *Id*. An order of a court acting without subject matter jurisdiction is void. *Id*. The question of subject matter jurisdiction may be raised at any time in any court. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010) (citations omitted).

In the current case, Appellants assert that the circuit court had jurisdiction to adjudicate their Rule 60.02 motion because it was the court which rendered the judgment from which Appellants sought relief. Appellants assert that the general sessions court could not properly assume jurisdiction because it is not a court of record and because it could not set aside the higher court's order. Appellants also assert that, although the circuit court had entered an order remanding the matter to the general sessions court, the matter was not "fully remanded" because the file had not yet been transmitted. They additionally contend that the circuit court may adjudicate a Rule 60.02 motion after an appeal has been filed in this Court, and that it accordingly may adjudicate a Rule 60.02 motion notwithstanding remand to the general sessions court. Appellants rely on *Elk Yarn Mills, Inc. v. 514 Shares of Common Stock of Elk Yarn Mills*, Inc., 1987 WL 26386 (Tenn. App. Dec, 9, 1987), for the proposition that a pending appeal does not bar the filing of a Rule 60.02 motion in a trial court. They submit that, similarly, an order of remand to the general sessions court should not divest the

circuit court of jurisdiction to consider a subsequently filed Rule 60.02 motion. We disagree.

As an initial matter, we observe that the *Elk Yarn* court concluded:

the best rule is to allow the circuit, chancery, and other trial courts of Tennessee to entertain motions for relief from judgment under Rule 60.02 once a case has been appealed without first seeking permission from the Court of Appeals, and if the trial court denies the motion, then the denial should be, if at all possible, consolidated with the main appeal for consideration; *but if the trial court is inclined to grant the motion, then leave may be sought from the appellate court to remand the case for disposition of the motion.*

*Elk Yarn*, 1987 WL 26386, at *2 (emphasis added). The *Elk Yarn* court accordingly held that the trial court had jurisdiction to entertain the Rule 60.02 motion notwithstanding that the case had been appealed. *Id.* Under *Elk Yarn*, however, the trial court could not fully dispose of the motion absent leave for remand from this Court.

Additionally, cases decided since *Elk Yarn* have emphasized that a trial court losses jurisdiction of a matter after an appeal has been perfected, and may not act in the case absent leave of the appellate court. *E.g., Holladay v. Speeed,* 208 S.W.3d 408, 414 (Tenn. Ct. App. 2005)(citations omitted). "A motion under . . . Rule 60.02 does not affect the finality of a judgment or suspend its operation[.]" Tenn. R. Civ. P. 60.02. Further, a trial court does not have jurisdiction to consider a Rule 60.02 motion filed while an appeal is pending. *Peck v. Tanner*, 181 S.W.3d 262, 267 (Tenn. 2005); *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). Rather, a party who wishes to seek relief under Rule 60.02 while an appeal is pending must first obtain leave from the appellate court, and leave for remand should be freely granted. *Id*. In *Spence*, the supreme court expressly overruled all contrary decisions. *Spence*, 883 S.W.2d at 596 n.5.

Similarly, the appellate court loses jurisdiction and a trial court reacquires jurisdiction upon remand, although that jurisdiction may be limited by the terms of the appellate court's remand order. *Parish v. Marquis*, 137 S.W.3d 621, 624 (Tenn. 2004)(citing see Tenn. Code Ann. § 21-1-810 (1994)); *Raht v. Southern Ry. Co.*, 387 S.W.2d 781, 788 (Tenn. 1965); *Tunstall v. Tunstall*, No. 03A01-9312-CV-00444, 1994 WL 361839, at *4 (Tenn. Ct. App. July 11, 1994). The appellate court reinvests the trial court with jurisdiction upon issuance of the mandate. *First American Trust Co. v. Franklin-Murray*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001). Even where, as here, the lower court is required to perform the "ministerial act" of dismissal upon remand, the lower court retains jurisdiction until dismissal is accomplished. *Parish*, 137 S.W.3d at 624 (holding that the one-year statute of limitations provided by the savings statute commences on the date the trial court enters dismissal on

remand, and not on date of the appellate court's judgment remanding the matter). Absent certain explicit exceptions not present here, the jurisdictional principles prevent the "undesirable consequences of permitting a case to be pending in more than one court at the same time." *First American Trust*, 59 S.W.3d at 141 (citing *Spence*, 883 S.W.2d at 596).

We finally turn to Appellants' assertion that the matter had not been "fully remanded" to the general sessions court when they filed their Rule 60.02 motion. Appellants rely on *Raht v. Southern Railway* for the proposition that, because the file was not physically transferred from the circuit court to the general sessions court before Appellants filed their Rule 60.02 motion, "jurisdiction did not fully vest in General Sessions." *Raht* does not stand for that proposition. The *Raht* court stated that the trial court in that case "reacquired the jurisdiction which it lost by the review proceedings" upon issuance of the supreme court's mandate. *Raht*, 387 S.W.2d at 787. The *Raht* court observed that the complainants in that case took no action to enforce the court's order upon remand where, in the interim, they had obtained more relief from the defendant railway company than originally demanded. *Id*. at 788. The *Raht* court further stated, "[w]e think the foundation of the lawsuit was removed when the *Rahts* failed to pursue the then accepted practice of making effective the mandate of this Court." *Id*. It concluded, "[f]inally, it is our opinion that this Court lost jurisdiction of the case after the order of remand and procedendo thereon." *Id*. at 788. The *Raht* court noted that, absent a writ of mandamus arising from a trial court's refusal to abide by an appellate court's mandate, the appellate court's jurisdiction "ended" when its mandate issued. *Id*. at 787.

In this case, the circuit court's February 2013 order remanding the matter to the general sessions court unambiguously divested the circuit court of jurisdiction, and vested jurisdiction in the general sessions court. Accordingly, the trial court did not abuse its discretion by denying Appellants' Rule 60.02 motion where it dismissed the matter for lack of jurisdiction.

**Holding**

In light of the foregoing, we affirm the circuit court's denial of Appellants' Rule 60.02 motion on the ground that it lacked jurisdiction. We decline to address the trial court's alternative determination that *Jacob I* constitutes the law of the case and precludes further consideration of the matter as advisory in light of this Opinion. Costs on appeal are taxed

to the Appellants, Alexis Partee and Tom Bedell, Jr.  This matter is remanded to the trial court for execution of the judgment and the collection of costs.


_____
DAVID R. FARMER, JUDGE